Abraham Y. Skoff (AS-5330)
Moses & Singer, LLP
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 554-7897
Facsimile: (917) 206-4397

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELITE MODEL MANAGEMENT CORPORATION,<br><br>Plaintiff<br><br>-against-<br><br>ELITE LTD, ELITE MANAGEMENT, VIP SOLUTIONS GMBH, AND JOHN DOES 1 THROUGH 10,<br><br>Defendants. | **AMENDED COMPLAINT**<br><br>**07 CIV 7765**<br><br>**Castel, J.** |

Plaintiff, Elite Model Management Corporation, by its attorneys, Moses & Singer, LLP, for its complaint in this action alleges:

## PARTIES AND JURISDICTION

1. Plaintiff Elite Model Management Corporation ("ELITE") is a corporation organized and existing under the laws of Delaware, having its principal place of business located at 404 Park Avenue South, 9th Floor, New York, New York 10016.

2. On information and belief, Defendant Elite Ltd ("ELtd") is the registrant of the Internet domain name "elitemodel.cc", and holds itself out as having a business address at 245 Park Avenue, 24th and 39th Floors, New York, New York 10167, and a telephone number of 212-792-4000.

628757v4 011141.0102

3. On information and belief, Defendant Elite Management ("Management") is a business entity that offers services in the State and City of New York, and holds itself out as having a business address at 230 Park Avenue, New York, New York 10167, and a telephone number of 212-796-6606.

4. On information and belief, defendants ELtd and Management have done and are doing business in the State and City of New York directly, and through each other, acting as agents for one another.

5. On information and belief, Defendant VIP Solutions GmbH ("VIP") is a limited liability company organized under the laws of Switzerland, with a primary business address located at c/o Laura Schleich, Wollerauerstrasse 12c, 8834 Schindellegi SZ, Switzerland.

6. On information and belief, defendant VIP owns and controls defendants ELtd and Management, and has done, is doing, and, on an ongoing basis, is offering to do, business in the State and City of New York, both directly, and through its agents, ELtd. and Management.

7. On information and belief, VIP holds itself out as being the owner of the domain name elitemodel.cc.

8. On information and belief, Defendants John Does 1 through 10 are individuals and/or business entities that do business by, *inter alia*, offering services in the State and City of New York, and who state that they have business addresses in connection with such services at 230 Park Avenue, New York, New York, and/or 245 Park Avenue, 24th and 39th Floors, New York, New York 10167, and at other places within the State of New York, John Does 1 through 10 are fictitious names of the individuals and business entities who have engaged in the activities

complained of herein and/or that are acting to facilitate the conduct of the named defendants as alleged herein.

9. This action arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq., and the common law of the State of New York.

10. Jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338(a) and (b), 15 U.S.C. §§ 1121 and 1125(d), and 28 U.S.C. § 1367.

## FIRST COUNT

11. ELITE is one of the world's most prestigious modeling agencies. ELITE and its affiliates today manage over 800 models, who come from five continents, making it one of the largest and most well known modeling agencies in the world. A description of ELITE's operations appears at the Internet web site associated with the domain name www.elitemodel.com. Plaintiff ELITE conducts this business under the trade name, trademark, and service mark "Elite".

12. ELITE is the owner of service mark registrations and applications, and of marks comprising the word "ELITE" (the "marks"), including:

    (a)    U.S. Reg. No. 1,273,825 for ELITE as applied to "modeling agency services";

    (b)    U.S. Serial No. 78421469 for ELITE MODEL LOOK as applied to "educational services in the nature of a modeling school; modeling for artists; entertainment in the nature of modeling contest";

    (c)    U.S. Serial No. 78421507 for ELITE MODEL LOOK (stylized) as applied to "educational services in the nature of a modeling school; modeling for artists; entertainment in the nature of modeling contest";

    (d)    U.S. Reg. No. 1,155,834 for ELITE MODEL MANAGEMENT as applied to "model agency services"

    (e)    U.S. Serial No. 78899059 for ELITE and Plus Design as applied to "modeling agency services"

13.    By reason of more than thirty five years of continuous and substantially exclusive use, as well as ELITE's expenditure of millions of dollars in providing services, advertising and promotion, ELITE's Elite marks have come to be famous and to symbolize extensive goodwill, identifying ELITE. By virtue of its efforts, ELITE is one of the leading model agencies in the world.

## DEFENDANTS' BLATANT AND WILFULL INFRINGEMENT AND DILUTION OF PLAINTIFF'S MARKS

14.    Commencing at a time not currently known to Plaintiff, but long after ELITE commenced use of "ELITE" as a designation, and long after that mark became famous, Defendants adopted and commenced use of "Elitemodel.cc" as a purported designation for escort services and other activities, rendered by alleged "models" in the State of New York and in commerce. "Elite model" is a name uniformly known to refer to Plaintiff and the models affiliated with Plaintiff. Neither Defendants, nor "Elitemodel.cc", nor any of the services being offered by Defendants, has any connection with Plaintiff.

15.    On Defendants' Infringing Website, Defendants use and publish a near exact replica of Plaintiff's stylized "Elite" logo, and Plaintiff's word mark, "Elite Model Management", both of which are closely associated with Plaintiff, and which are protected under U.S. Trademark Reg. No. 1,273,825, and 1155834, respectively.

16.    The website at www.Elitemodel.cc (the "Infringing Website") contains the following description of the services being offered:

> Elite management is a highly respected and established introduction company that delivers an exemplary, personal service to international people of style and sophistication. We are recognised worldwide for our experience, integrity and absolute discretion.

*   *   *

> .....The exclusive female companions in our portfolio range from elite fashion models, supermodels, playboy centerfolds, movie actresses and many other glamorous starlets are available for the ultimate in companionship.

17. According to the Infringing Website, membership in elitemodel.cc costs $7,500, which includes a one time $5,000 registration fee, and an annually renewable $2,500 membership fee. Together with the description of services to be provided, Defendants and Defendants' Infringing Website falsely and defamatorily suggest a connection between Plaintiff, the name Elite, and improper conduct.

18. The Infringing Website includes photographs of nude and partially nude women.

19. The page labeled "employment" on the Infringing Website contains the following description:

> Elite management is world renowned for its exceptional encounters. To keep up the high standard we are particularly interested in world-class runway models, Playboy centerfolds, glamour models, TV and movie actresses.

20. The page labeled "contact us" on the Infringing Website lists addresses in New York, Washington D.C., Miami, Los Angeles, Tokyo and London. The New York address is listed at 230 Park Avenue, New York, New York 10169, and lists an email address at ny@elitemodel.cc.

21. On information and belief, Defendants registered the domain name Elitemodel.cc and are infringing on Plaintiff's trademarks, with bad faith intent to profit from ELITE's Elite and Elite Model Management marks, and with specific intent to mislead and deceive consumers and others into believing there is a connection between Plaintiff and Plaintiff's models, and Defendants' site and business .

22. The conduct of Defendants is likely to cause confusion or mistake, or to deceive as to the source, origin, or sponsorship of Defendants, and is likely to damage Plaintiff's marks, as well as damage Plaintiff's name and reputation, and to cause the public wrongly to associate Defendants with ELITE or to believe that Defendants are somehow affiliated or connected with ELITE.

23. The conduct of Defendants has already caused, and threatens ELITE with further, irreparable harm to its reputation and goodwill. Defendants have interfered with and disrupted the business and operation of ELITE operating in commerce and in the State of New York. ELITE has no adequate remedy at law. Further, ELITE has no adequate remedy at law for the deception of New York residents, or changes in New York residents' existing perceptions of the Elite trade name and service mark, and personnel, brought about by Defendants' use of spurious Elite-formative domain names in commercial advertising.

24. Defendants have carried out their acts of infringement utilizing services provided by VeriSign Inc., a non-party located in the Southern District of New York, as the registry of Defendants' domain name.

25. Defendants are liable to ELITE for registered service mark infringement in violation of 15 U.S.C. § 1114(1).

## SECOND COUNT

26. The preceding paragraphs are realleged and incorporated by reference as if set forth in full.

27. Defendants are liable to ELITE for registered service mark infringement in violation of 15 U.S.C. § 1125(a).

## THIRD COUNT

28. The preceding paragraphs are realleged and incorporated by reference as if set forth in full.

29. Defendants' conduct as described herein violates 15 U.S.C. §1125(a)(1)(A).

30. On information and belief, Defendant's acts of false designation of origin and unfair competition have been done willfully and deliberately.

31. Defendant's willful and deliberate acts described above have caused irreparable injury to Plaintiffs' goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby plaintiffs have no adequate remedy at law.

## FOURTH COUNT

32. The preceding paragraphs are realleged and incorporated by reference as if set forth in full.

33. By reason of more than 35 years of continuous, substantially exclusive, and extensive use, advertising, and promotion, ELITE's Elite marks were famous prior to Defendants' adoption and use in United States commerce of the domain name Elitemodel.cc.

34. The conduct of Defendants is likely to injure ELITE's business reputation and dilute the distinctive quality of ELITE's famous Elite name and mark.

35. Defendants are liable to ELITE for dilution under N.Y. Gen. Bus. Law § 360(1).

## FIFTH COUNT

36. The preceding paragraphs are realleged and incorporated by reference as if set forth in full.

37. On information and belief, Defendant ELtd, acting individually and as agent for Defendant VIP Solutions, registered or caused to be registered the domain name Elitemodel.cc with bad faith intent to profit from ELITE's Elite mark.

38. On information and belief, Defendant VIP registered or caused to be registered the domain name Elitemodel.cc with bad faith intent to profit from ELITE's Elite mark.

39. On information and belief, Defendant Management registered or caused to be registered, acting individually or on behalf of Defendant VIP Solutions, the domain name Elitemodel.cc with bad faith intent to profit from ELITE's Elite mark.

40. Elitemodel.cc constitutes property having a situs at 245 Park Avenue, 24th and 39th Floors, New York, New York 10167.

41. Non-party VeriSign Inc. is the registry of Elitemodel.cc. VeriSign is registered to do business in New York and maintains physical offices located at 3 East 54th Street, 11th Floor, New York, New York 10022, and, on information and belief, at one or more other locations in the State of New York.

42. On information and belief, no Defendant has any trademark or other intellectual property rights in the name "Elitemodel.cc".

43. On information and belief, "Elitemodel.cc" does not constitute the legal name of any person involved in the registration or use of that domain name.

44. On information and belief, the registrants of "Elitemodel.cc" made no bona fide offering of any goods or services under the Elite mark prior to ELITE's adoption and use of the Elite mark for a variety of services, including modeling services.

45. Plaintiff's Elite service mark was famous and distinctive prior to Defendants' registration or use of the domain name "Elitemodel.cc".

46. Defendants are liable to ELITE for cyberpiracy in violation of 15 U.S.C. § 1125(d).

47. Pursuant to 15 U.S.C. §1125(d)(1)(C), the Court should order the transfer of the registration of the domain name elitemodel.cc to Plaintiff. Alternatively, pursuant to 15 U.S.C. §1125(d)(1)(C), the Court should order the forfeiture or cancellation of the elitemodel.cc domain name registration.

48. Pursuant to 15 U.S.C. §§ 1117(a) and 1125(d)(1), Plaintiff is entitled to recover three times its damages and Defendants' profits with respect to the registration and maintenance of the infringing domain name elitemodel.cc, which was registered after November 30, 1999.

49. As an alternative to its actual damages, Plaintiff is entitled to recover statutory damages in an amount up to $100,000 and not less than $1,000 for the infringing domain name.

## SIXTH COUNT

50. The preceding paragraphs are realleged and incorporated by reference as if set forth in full.

51. Plaintiff's marks are distinctive and famous within the meaning of 15 U.S.C. § 1125(c), and were distinctive and famous prior to date of Defendant's conduct challenged herein.

52. Defendants' conduct as set forth above violates 15 U.S.C.§1125(c), as amended by the Trademark Dilution Revision Act of 2006, in that it is likely to dilute and is diluting the distinctive quality of Plaintiff's marks. Defendants' use of Plaintiff's marks is likely to create and has created an association between the services provided by Defendants and Plaintiff's marks, which impairs the distinctiveness of Plaintiff's marks and lessens the capacity of the marks to identify and distinguish services provided by Plaintiff under those marks.

53. To the extent that the escort and other services provided by Defendants have become or will become associated with Plaintiff and its marks, Plaintiff's business reputation and goodwill and the reputation and goodwill associated with Plaintiff's marks have been and are likely to be tarnished and injured.

54. On information and belief, Defendants willfully and in bad faith intended to profit from Plaintiff's marks by trading on the valuable reputation of Plaintiff and causing dilution of the distinctive quality of and tarnishing these famous marks.

55. Defendants' violations of 15 U.S.C. § 1125(c) entitle Plaintiff to recover damages, treble damages, corrective advertising damage, costs of suit, and attorneys' fees, in accordance with 15 U.S.C. § 1117.

56. Defendants willful and deliberate acts described above have caused irreparable injury to Plaintiffs' goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Plaintiffs have no adequate remedy at law.

## SEVENTH COUNT

57. The preceding paragraphs are realleged and incorporated by reference as if set forth in full.

58. This claim is for counterfeiting of trademarks registered in the United States Patent and Trademark Office, pursuant to Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(1), as amended.

59. Long after the adoption and use by Plaintiff of its registered marks, and with at least constructive notice of the federal registration of the marks for modeling agency services, Defendant has created, used, advertised and promoted a website and domain name bearing counterfeits, reproductions, copies or colorable imitations of Plaintiff's marks, including without limitation at least two federally registered trademarks.

60. Upon information and belief, Defendants have engaged in this conduct with the express intent of profiting from Plaintiff's valuable marks by confusing the trade and the public as to the source and quality of the services provided by Defendants and creating the false

impression and belief that the escort and other services being provided by Defendants originated from, or were authorized, sponsored or approved by, Plaintiff.

61. The activities complained of herein constitute willful and intentional counterfeiting in violation of the Lanham Act, 15 U.S.C. ¶1114(1), have caused injury and damage to Plaintiffs and have caused and, unless enjoined, will continue to cause irreparable harm and injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

62. Pursuant to 15 U.S.C. §1117(b), Defendants are liable to Plaintiff for three times the profits earned by them or actual damages, whichever is greater, together with reasonable attorneys' fees.

63. As a result, and in addition to, or in lieu of other damages and penalties, whichever Plaintiff may elect or the Court may award, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. §1117(c) and/or other statutory authorities in the amount of up to $1,000,000 per counterfeit mark.

## EIGHTH COUNT

64. The preceding paragraphs are realleged and incorporated by reference as if set forth in full.

65. ELITE has a property interest in its name, reputation, and goodwill, which ELITE, at great expense, has built up through extensive use of the Elite name on a variety of high-quality modeling related services offered in New York and in commerce.

66. The conduct of Defendants is commercially immoral and constitutes an attempt to profit from the labor, skill, expenditures, name, and reputation of ELITE.

67. Defendants are liable to ELITE for unfair competition, misappropriation and business defamation under New York law.

## NINTH COUNT

68. The preceding paragraphs are realleged and incorporated by reference as if set forth in full.

69. This claim is for injury to goodwill and business reputation pursuant to New York General Business Law Section 360-1, as amended.

70. Plaintiff's marks are distinctive with the meaning of New York General Business Law Section 360-1.

71. Defendants' conduct, as described above, causes injury to the goodwill and business reputation of Plaintiff's marks and creates a likelihood of dilution of the distinctive quality of those marks in violation of New York General Business Law Section 360-1.

72. Defendants' willful and deliberate acts described above have caused irreparable injury to Plaintiffs' goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Plaintiffs have no adequate remedy at law.

## TENTH COUNT

73. The preceding paragraphs are realleged and incorporated by reference as if set forth in full.

74. ELITE has created and maintains at great expense a series of websites located at, inter alia, ELITEMODEL.COM, ELITECHICAGO.COM, ELITEATLANTA.COM (the "ELITE Websites"). The ELITE Websites have common elements throughout including:

    (a)    Use of the ELITE stylized logo;

    (b)    Tabs in small capital letters approximately 1/8 the size of the ELITE logo;

    (c)    a home page with a black background or black framing, with a fashion head shot of a model approximately 2/3 the size of the frame;

    (d)    a tab named PORTFOLIO, leading to a box 2/3 the size of a frame, displaying magazine covers and fashion head shots;

    (e)    a tab named BE DISCOVERED, leading to a box approximately 2/3 the size of a frame containing a 'model shot' and text soliciting resumes.

75.    Together, the use of the logo, black and white background and framing, font ratios, layout and design, create a look and feel of the ELITE Websites.

76.    The look and feel of the ELITE Websites have been promoted to consumers and potential consumers of plaintiff's services, and a mental association has been created between the look and feel and plaintiff, such that the look and feel constitutes protectable trade dress of plaintiff ("Plaintiff's Trade Dress").

77.    The infringing Website of Defendant contains the following:

    (a)    Use of Plaintiff's ELITE stylized logo;

    (b)    Tabs in small capital letters approximately 1/8 the size of the ELITE logo;

    (c)    An introduction page with a black background displaying a fashion photo of a model approximately 2/3 the size of the frame;

    (d)    A tab named "PORTFOLIO Preview", leading to a box approximately 2/3 of the frame, displaying magazine covers and fashion head shots;

    (e)    a tab named EMPLOYMENT, leading to a box approximately 2/3 the size of the frame containing a 'model shot' and text soliciting resumes.

78.    Defendant has clearly imitated Plaintiff's distinctive and valuable Trade Dress.

79.    Defendants are liable to ELITE for infringement of ELITE's unregistered Trade Dress in violation of 15 U.S.C. Section 1125(a).

WHEREFORE, Plaintiff prays that the Court:

    (i)    declare, adjudge, and decree that Defendants are liable to Plaintiff for registered service mark infringement in violation of 15 U.S.C. § 1114(1);

    (ii)    declare, adjudge, and decree that Defendants are liable to Plaintiff for use of false designations of origin in violation of 15 U.S.C. § 1125(a);

    (iii)    declare, adjudge, and decree that Defendants are liable to Plaintiff for dilution under N.Y. Gen. Bus. Law § 360(1);

(iv) declare, adjudge, and decree that Defendants are liable to Plaintiff for cyberpiracy in violation of U.S.C. § 1125(d), and for unfair competition and misappropriation under New York common law;

(v) declare, adjudge, and decree that Defendants are liable to Plaintiff for Trademark counterfeiting in violation of 15 U.S.C. §1114(1);

(vi) declare, adjudge and decree that Defendants are liable to Plaintiff for trademark dilution in violation of 15 U.S.C. §1125(c);

(vii) declare, adjudge and decree that Defendants are liable to Plaintiff for infringement of Plaintiff's unregistered Trade Dress in violation of 15 U.S.C. Section 1125(a).

(viii) grant preliminary and permanent injunctions restraining Defendants, and those acting in concert or participation with them, and those acting under their direction or subject to their control, from engaging in any further acts constituting service mark infringement, trade name infringement, trade dress infringement, trade mark counterfeiting, cyberpiracy, unfair competition, or misappropriation;

(ix) order Defendants, and any persons acting in concert or participation with Defendants, and those acting under their direction or subject to their control, to transfer the domain name elitemodel.cc to Plaintiff;

(x) order that any registrations of the domain name elitemodel.cc to Defendants or any transferee thereof, be forfeited, canceled, or deleted by non-party VeriSign, Inc., the registry of the domain names;

(xi) award Plaintiff compensatory damages as provided by law, in an amount to be determined by the Court, but believed to be not less than $10,000,000;

(xii) award Plaintiff statutory damages as provided by law;

(xiii) award Plaintiff punitive damages as provided by law, and in an amount to be computed by the Court;

(xiv) award Plaintiff treble damages as provided by law;

(xv) award Plaintiff its costs, disbursements, and attorneys' fees incurred in bringing this action; and

(xvi) award Plaintiff such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 16, 2007

                        Moses & Singer, LLP

                        By: _____
                            Abraham Y. Skoff (AS-5330)
                        405 Lexington Avenue
                        New York, New York 10174
                        Telephone: (212) 554-7800
                        Facsimile: (212) 554-7700

                        Attorneys for Plaintiff